**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| PINEY WOODS ER III, LLC, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO.  5:20-CV-00041-RWS |
| | § | |
| v. | § | |
| | § | |
| BLUE CROSS AND BLUE SHIELD OF | § | |
| TEXAS, A DIVISION OF HEALTH | § | |
| CARE SERVICE CORPORATION, A | § | |
| MUTUAL LEGAL RESERVE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER</u>

Before the Court is Defendant Blue Cross and Blue Shield of Texas's Motion to Dismiss Plaintiffs' Second Amended Complaint.  Docket No. 118.  Defendant moves to dismiss Plaintiffs' Second Amended Complaint ("SAC") (Docket No. 110) pursuant to Federal Rules of Civil Procedure 8, 12(b)(1), 12(b)(6), 12(b)(7) and 19.  *Id.* at 1.  The motion has been fully briefed.  Docket Nos. 125, 129, 131.  The Court heard oral argument on the motion on March 9, 2022.  Docket No. 147.  For the reasons set forth below, Defendant's Motion to Dismiss (Docket No. 118) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## BACKGROUND

Plaintiffs are businesses that operate freestanding emergency centers ("FECs") or employ physicians to staff FECs.  Docket No. 110 ¶¶ 1–29.  Defendant is a division of Health Care Service Corporation ("HCSC").[1]  Docket No. 118 at 1.  Plaintiffs filed this suit against

---

[1] HCSC licenses Blue Cross and Blue Shield trademarks for use in Illinois, Texas, New Mexico, Oklahoma and (previously) Montana.  *Id.* at 1 n.2; Docket No. 147.  Other "independent" companies license the trademark for use in other parts of the country.  *Id.*

Defendant, alleging a scheme to underpay FECs and their associated physicians' groups and to eventually drive them out of business.  Docket No. 110 ¶ 1.  The SAC alleges five causes of action: (1) violations of Employment Retirement Income Security Act of 1974 ("ERISA") payment obligations; (2) breach of contract; (3) bad faith insurance practices; (4) negligent misrepresentation; and (5) declaratory judgment.  *Id.* ¶¶ 103–139.

## LEGAL STANDARD

### I.      Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject-matter jurisdiction of a federal court to hear a claim.  A motion to dismiss under Rule 12(b)(1) is properly granted "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  The party asserting jurisdiction bears the burden of proving that subject-matter jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

A motion to dismiss under Rule 12(b)(1) should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support" of his or her claims.  *Sureshot Golf Ventures, Inc. v. Topgolf Int., Inc.*, 754 Fed. Appx. 235, 239 (5th Cir. 2018) (citing *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007)).  In deciding a Rule 12(b)(1) motion, a court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Robinson v. TCI/US West Commc'ns Inc.*, 117 F.3d 900, 904 (5th Cir. 1997).  "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161.

## II.     Federal Rule of Civil Procedure 12(b)(6)

For motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must assume that all well-pleaded facts are true and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then decide whether those facts state a claim that is plausible on its face. *Bowlby*, 681 F.3d at 219. The complaint need not contain detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (discussing *Twombly* and applying *Twombly* generally to civil actions pleaded under Rule 8). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

## III.    Federal Rules of Civil Procedure 12(b)(7) and 19

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(7) alleges that a plaintiff failed to join a party as required by Federal Rule of Civil Procedure 19. FED. R. CIV. P. 12(b)(7). The nature of Rule 19 requires a court to make "highly practical, fact-based decisions" when it applies the rule. *See Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986). In such an analysis, courts seek to maximize effective relief with the minimal expenditure of

judicial energy.  *Gentry v. Smith*, 487 F.2d 571, 579–80 (5th Cir. 1973).  First, the Court determines whether a party should be joined to the suit.  FED. R. CIV. P. 19(a); *Nat'l Cas. Co. v. Gonzalez*, 637 F. App'x 812, 814 (5th Cir. 2016).  "If joinder is warranted then the person will be brought into the lawsuit.  But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation."  *Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d 625, 629 (5th Cir. 2009).

A required party should be joined under Rule 19(a).  A required party is a party who is "subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction."  FED. R. CIV. P. 19(a)(1).  A required party will be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Id.*

The initial burden is on the movant to show that joinder is necessary.  *Hood*, 570 F.3d at 628.  No Rule 19(b) inquiry is required if the threshold requirements of Rule 19(a) are not met.  *United States v. Donovan*, No. 4:19-CV-00761, 2020 WL 1677388, at *3 (E.D. Tex. Apr. 6, 2020).  "If the initial assessment of the facts indicates a potential necessary party is absent, the burden shifts to the party opposing joinder."  *Id.* (citing *Nat'l Cas.*, 637 F.App'x at 814–15).

### DISCUSSION

Defendant moves to dismiss Plaintiffs' SAC, arguing that (1) Plaintiffs lack standing on non-HCSC BlueCard claims against Defendant; (2) Plaintiffs fail to state ERISA, breach of

contract, bad faith and declaratory judgment claims against Defendant regarding non-HCSC BlueCard claims; (3) Plaintiffs fail to join necessary parties as to non-HCSC BlueCard claims; and (4) the Court lacks subject matter jurisdiction over state government-funded health plans. Docket No. 118 at 3.  The Court considers each of Defendant's grounds for dismissal in turn.

## I.      Non-HCSC Claims

With the filing of the SAC, Plaintiffs added the allegation that Defendant "administers the 'processing, and payment of claims in Texas on behalf of [non-party] Blue-Cross entities in other States.' "  Docket No. 118 at 1 (quoting SAC ¶ 31) (modification in original).  Defendant seeks to dismiss the SAC regarding non-HCSC BlueCard claims—that is, the BlueCard claims where the home plan is not a division of HCSC.

### A.  Lack of Jurisdiction

Defendant argues that the Court lacks subject matter jurisdiction over non-HCSC BlueCard claims against Defendant and that Plaintiffs lack standing to bring these non-HCSC BlueCard claims.  *Id.* at 10.  Defendant contends that for Plaintiffs' non-HCSC BlueCard claims, other separate legal entities—not Defendant—entered into agreements regarding the health care policies.  *Id.* at 8.  Defendant points to other lawsuits involving the BlueCard Program claims, where there was no applicable contract between Defendant and the provider, to show that these suits generally included out-of-state insurers such as Defendant as parties.  *Id.*

Defendant also argues that no case law supports Plaintiffs' proposition that a host plan under the BlueCard Program is liable for out-of-network benefits owed to members by their home plans.[2]  *Id.* at 9.  Defendant posits that courts generally hold that "a provider cannot state a

---

[2] "A 'Home plan' is the plan operating in the state where the participant is covered . . . In contrast, a 'host plan' is the BCBS licensee in the state where the provider is located . . . ."  *Angel Jet Servs., L.L.C. v. Red Dot Bldg. Sys.'s Emp. Ben. Plan*, No. CV-09-2123-PHX-GMS, 2010 WL 481420, at *4 (D. Ariz. Feb. 8, 2010).

claim against a host plan under the BlueCard program (BCBSTX here) for benefits under a health plan insured or administered by a different Blue Cross or Blue Shield company (the nonparty out-of-state insurers here)." *Id.* (citing *Electrosim Med. Servs., Inc. v. Health Care Serv. Corp.*, 962 F. Supp. 2d 887, 902–03 (S.D. Tex. 2013), *aff'd in pertinent part*, 614 F. App'x 731, 741 (5th Cir. 2015); *Est. of Kenyon v. L + M Healthcare Health Reimbursement Acct.*, 404 F. Supp. 3d 627, 634 (D. Conn. Aug. 5, 2019)).

Moreover, Defendant argues that Plaintiffs lack standing as to their non-HCSC BlueCard claims because although Plaintiffs' claims are based on assignments they allegedly received from patients when treating the patients, a patient can only transfer rights she has. *Id.* at 10–11. Defendant contends that Plaintiffs fail to show that non-HCSC member patients had causes of actions against Defendant to begin with, let alone to assign to Plaintiffs. *Id.* Defendant offers the example of a patient who is insured by Blue Cross and Blue Shield of Alabama ("BCBS Alabama")—a separate entity and nonparty to this case—allegedly assigning her rights to insurance from BCBS Alabama to one of the Plaintiffs. *Id.* Defendant argues that rather than sue BCBS Alabama, Plaintiffs sued Defendant for a breach of the BCBS Alabama insurance policy despite Defendant not being an insurer, plan sponsor or plan administer of this BCBS Alabama health plan. *Id.* at 10–11.

Plaintiffs respond that Defendant's arguments concerning the lack of a valid assignment amount to a merits question, not a standing question. Docket No. 125 at 2, 4, 6–7 (citing *Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 11 F.4th 345, 350–51 (5th Cir. Aug. 25, 2021) (per curiam)). Plaintiffs contend that the cases cited by Defendant do not support the proposition that courts dismiss claims like Plaintiffs' for lack of subject matter jurisdiction; rather, those cases were dismissed at the summary judgment stage or for failing to state a claim. *Id.* Moreover,

Plaintiffs argue that Defendant's Rule 12(b)(1) Motion is actually a Rule 12(b)(6) Motion because it improperly relies on evidence outside the pleadings. *Id.* at 7.

Defendant replies that because Defendant challenges the Court's jurisdiction over the assignors' non-HCSC BlueCard claims against Defendant, it can make a factual challenge and can rely on materials outside the complaint. *Id.* at 2–3 (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *Cell Sci. Sys. Corp. v. Louisiana Health Serv.*, 804 F. App'x 260, 264 (5th Cir. 2020)). Defendant contends that Plaintiffs have the burden of showing that for each claim, (1) the assignor possessed a claim against Defendant and (2) that the cause of action was assigned to Plaintiffs. *Id.* at 3. Defendant argues that because Plaintiffs have not provided proof of valid assignments giving Plaintiffs the right to bring a cause of action, Plaintiffs have no standing. *Id.* at 4.

In their sur-reply, Plaintiffs argue that this Court already rejected Defendant's standing challenge when Defendant used the same argument in its previous motion to dismiss. Docket No. 131 at 2 (citing October 2, 2020 Order, Docket No. 38). Plaintiffs argue that this Court did not require that Plaintiffs attach an assignment of benefits to their complaint or briefs. *Id.* at 3.

Defendant's argument is centered on whether there was a proper assignment. And "where, as here, a case turns on the validity of an assignment of contractual rights, that is not 'a question of Article III standing' but 'one of contractual standing.' " *Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 11 F.4th 345, 350 (5th Cir. 2021) (per curium) (quoting *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 211 (2d Cir. 2020)).[3] Whether Plaintiffs "have a contractual right to bring this suit . . . do[es] not go to the court's subject matter jurisdiction, but [is] instead part of

---

[3] Defendant cites two Fifth Circuit cases to support its assertion that the validity of an assignment is a factual challenge and receives the Rule 12(b)(1) standard. The Court finds *Maxim Crane Works* more persuasive. *Paterson*, 644 F.2d 521 (5th Cir. 1981), is much older than *Maxim Crane Works*, and *Cell Sci. Sys.*, 804 F. App'x 260, 264 (5th Cir. 2020), is unpublished.

the inquiry into the merits of a particular claim." *Id.* Defendant's attack on the alleged assignments does not constitute a subject matter jurisdiction motion, which the Court reviews under Rule 12(b)(1). *Id.* (citing *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011)). Instead, the proper standard is Rule 12(b)(6).

The Court assumes the facts pleaded in the SAC are true and views these facts in the light most favorable to Plaintiffs. The SAC contains sufficient factual allegations to show Plaintiffs are plausibly entitled to relief. For example, Plaintiffs specifically pleaded that Plaintiffs are assignees of patients' benefits "to which patients with plans provided or administered by [Defendant]" and, therefore, "are entitled to recover benefits due under the terms of" those plans. SAC ¶ 105; *see also id.* ¶¶ 115, 121, 125. Plaintiffs also pleaded that as a host plan to "out-of-area Blue Plan[s,]" Defendant exercised control over the reimbursement amount. *Id.* at 8 n.1. Consistent with the Court's previous ruling, Plaintiffs need only to allege that when Plaintiffs treated the patients, the patient assigned their benefits to Plaintiffs, whether those benefits originated from Defendant or another BlueCard home plan. *See* October 2, 2020 Order, Docket No. 38; *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F.Supp.2d 587, 599 (N.D. Tex. 2014). Plaintiffs have done so here. Accordingly, Defendant's motion to dismiss non-HCSC BlueCard claims on the grounds of invalid assignment is **DENIED**.

## B.  Failure to State a Claim

Defendant argues that Plaintiffs fail to state a claim as to the non-HCSC BlueCard Claims. The Court considers each argument in turn.

### 1.   Failure to State an ERISA Violation Claim

Defendant contends that Plaintiffs, in order to state a claim, must allege that their patients had an ERISA right against Defendant that was assigned to Plaintiffs. Docket No. 118 at 12.

Defendant argues that the SAC fails to identify an out-of-state ERISA health plan and fails to show Defendant could be a proper defendant under 29 U.S.C. § 1132(a)(1)(B) of ERISA.  *Id.* at 12–13 (citing *Electrostim Med. Servs.*, 962 F. Supp. 2d at 902–03).  Defendant argues that § 1132(a)(1)(B) concerns the liability upon plan sponsors and plan administrators, but Defendant is neither a plan sponsor or administrator.  *Id.*  Defendant further argues that when courts analyze the relationship of home and host plans under the BlueCard, ERISA liability depends on the relevant benefit plan's terms.  *Id.* (citing *Est. of Kenyon*, 2019 WL 3574919, at *3).  Defendant contends that the SAC contains the conclusory allegation that Defendant "exercises control over the administration of the newly added BlueCard plans."  *Id.* at 13 (citing SAC ¶ 31).  But, Defendants point out, the SAC concedes that Defendant does not exercise control over non-HCSC BlueCard plans; rather, Defendant merely processes out-of-state insurance claims while the home plan "reviews the member's coverage and determines whether the member is eligible to receive [benefits for] the medical services rendered by the provider."  *Id.* at 14 (citing SAC ¶ 32).

Plaintiffs respond that ERISA liability is not exclusive to the named plan administer of an ERISA plan but extends to a party who "exercises control over a plan's benefit claims process."  Docket No. 125 at 8–9 (citing *Lifecare Mgmt. Serv. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 844–45 (5th Cir. 2013)).  Plaintiffs assert that the SAC alleges that Defendant exercised control over the reimbursement amounts submitted by Plaintiffs.  *Id.* at 9 (citing SAC ¶¶ 31, 106).  Moreover, Plaintiffs argue that it is premature to require Plaintiffs to outline the terms of every single non-HCSC health plan encompassed by the SAC.  Docket No. 131 at 4.

The parties dispute the applicability of *Atlantic Neurosurgical Specialists v. Anthem Blue Cross & Blue Shield*, Civil Action No. 20-10415, 2021 U.S. Dist. LEXIS 172580, at *10 (D.N.J.

Sep. 10, 2021).  The plaintiff in *Atlantic Neurosurgical* was a medical provider suing Horizon Blue Cross Blue Shield of New Jersey ("Horizon") on behalf of a patient for under-reimbursement of emergency brain cancer surgery that occurred in New Jersey while the patient was a Georgia resident.  *Id.* at *1.  The plaintiff was an "out-of-network" provider under Horizon's plan.  *Id.* at *2.  Horizon moved to dismiss the case against it because it was not a proper party under ERISA § 502(a)(1)(B).  *Id.* at *6.  Horizon was the Blue Cross Blue Shield "host" under the Plan and argued it was a mere "conduit" for the patient's "home" plan provider in Georgia.  *Id.*  The parties disputed whether Horizon had "control" as to be a proper defendant. Importantly, the plaintiff argued:

> The Complaint alleges that "Defendant Horizon was responsible for determining the under-reimbursement amount and transmitting it to Plaintiff, as the Host Plan Defendant Horizon issued the EOB to Plaintiff, with 'Horizon' on top.  A website address on the bottom of the page refers to 'Horizon/claim-management.' " Horizon was "responsible for determining the in-network level" of reimbursement.  Horizon was Anthem's agent.  Plaintiff submitted three appeals to Horizon; Horizon made "its own adverse determination of Plaintiff's claim as evidenced by the EOB."

*Atl. Neurosurgical Specialists, PA on behalf of Patient DC v. Anthem Blue Cross & Blue Shield*, No. CV 20-10415, Docket No. 18 at 24 n.10 (D.N.J. Feb. 2, 2021) (citations omitted).[4]  But the court found these allegations too vague:

> Nevertheless, Plaintiff continues to assert without any particularized allegations that Horizon "exercised discretionary authority or discretionary responsibility in the administration of the Plan."  However, given that the Court will not accept "unsupported conclusory statements" at the pleading stage, Plaintiff has failed to show that Horizon constitutes a "proper" party under Section 502(a)(1)(B).

*Atl. Neurosurgical Specialists v. Anthem Blue Cross & Blue Shield*, Civil Action No. 20-10415,

---

[4] The *Atlantic Neurosurgical* complaint stated, "Defendant Horizon was the Host Plan under the BlueCard Program. It also made its own adverse determination of Plaintiff's claim as evidenced by the EOB. Defendant Horizon was further the agent of Defendant Anthem." *Id.*, Docket No. 1 ¶ 61.

2021 U.S. Dist. LEXIS 172580, at *10 (D.N.J. Sept. 10, 2021) (citations omitted).  The court ultimately held that the plaintiff failed to show that Horizon was a proper party under § 502(a)(1)(B).  *Id.* at *5.

Defendant argues that *Atlantic Neurosurgical* is "an identical BlueCard situation" to the present case and stresses "that host plans are not proper parties under ERISA where only conclusory statements regarding the host plans' exercise of discretion were made in the complaint."  Docket No. 129 at 4 (citing *Atl. Neurosurgical*, 2021 U.S. Dist. LEXIS 172580, at *11).  On the other hand, Plaintiffs argue that *Atlantic Neurosurgical* is not applicable because, unlike here, the plaintiff conceded that the host plan it sued was simply a "conduit" that processed claims.  Docket No. 131 at 5 n.2 (citing *Atl. Neurosurgical*, 2021 U.S. Dist. LEXIS 172580, at *9–11).

A proper defendant to an ERISA action "is the party that controls administration of the plan."  *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 845 (5th Cir. 2013)  Unlike the complaint in *Atlantic Neurosurgical*, the SAC plausibly alleges that Defendant has control over the administration of the plan.  *See, e.g.*, SAC ¶¶ 31, 106, at 8 n.1.  Contrary to Defendant's assertion, at no point does the SAC concede that Defendant exercises no control over non-HCSC BlueCard plans.  In addition to alleging Defendant is the administrator or designee of non-HCSC plans, Plaintiffs specifically allege Defendant controls the reimbursement amount.  Because an "underpayment 'is effectively a partial denial of benefits,' "  Plaintiffs have adequately alleged Defendant has control over the administration of the benefits.  *See* October 6, 2021 Order, Docket No. 130 (quoting *Miller v. Fortis Benefits Ins. Co.*, 475 F.3d 516, 521 (3d Cir. 2007)).  Accordingly, Defendant's motion to dismiss ERISA claims as to non-HCSC BlueCard claims is **DENIED**.

### 2.   Failure to State a Breach of Contract Claim

Defendant argues that because the breach of contract claim against Defendant for non-HCSC BlueCard claims relies on rights allegedly assigned to Plaintiffs by their patients, Plaintiffs fail to allege that Defendant had contracts with these patients.  Docket No. 118 at 14.  Plaintiffs respond that their breach of contract claim does not encompass non-HCSC BlueCard claims.

Because Plaintiff represent that their breach of contract claim does not encompass non-HCSC BlueCard claims (Docket No. 125 at 8), Defendant's motion to dismiss Plaintiffs' contract claim based on non-HCSC BlueCard claims is **DENIED-AS-MOOT**.

### 3.   Failure to State a Bad Faith Claim

Defendant argues that Plaintiffs fail to state a bad faith claim as to non-HCSC BlueCard claims because Defendant is not a party to any non-HCSC BlueCard insurance policy and thus did not owe Plaintiffs or Plaintiffs' assignors a duty of good faith and fair dealing.  Docket No. 118 at 15.  Plaintiffs respond that their bad faith insurance practices claim does not encompass non-HCSC BlueCard claims.  Docket No. 125 at 4.  Accordingly, Defendant's motion to dismiss Plaintiffs' bad faith claim based on non-HCSC BlueCard claims is **DENIED-AS-MOOT**.

### 4.   Failure to State a Negligent Misrepresentation Claim

Defendant argues that the SAC contains no allegations about represented terms of any non-HCSC BlueCard health plans.  Docket No. 118 at 16.  Defendant also argues that Plaintiffs fail to meet Federal Rule of Civil Procedure 9(b) with regards to the negligent misrepresentation claim, specifically regarding the terms in health plans not issued by Defendant.  *Id.*  Defendant also contends that Plaintiffs cannot rely on the bases of Defendant's previous motions to dismiss because the original complaint and First Amended Complaint did not encompass non-HCSC

health plans.  Docket No. 129 at 5.

Plaintiffs respond that Defendant repeats its previous arguments regarding the negligent misrepresentation claim, which Plaintiffs contend the Court has already denied.  Plaintiffs also respond that Defendant seeks to put a heightened burden on Plaintiff with Rule 9(b) but the Fifth Circuit has held that the higher standard is inapplicable for negligent misrepresentation claims. Docket No. 125 at 10.

> To state a claim for negligent misrepresentation, a plaintiff must plead that:
>
> (1) the representation was made by defendant in the court of its business, or in a transaction in which the defendant has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered a pecuniary loss by justifiably relying on the representation.

*Bracken v. Wells Fargo Bank, N.A.*, 12 F.Supp.3d 673, 685 (E.D. Tex. 2014) *aff'd*, 612 F.App'x 248 (5th Cir. 2015).

Rule 9(b) may be proper where both fraud and negligent misrepresentation are alleged. *See Chin Kim v. Mortg. Elec. Registration Sys., Inc.*, 716 F. App'x 339, 340 (5th Cir. 2018).  But here, Plaintiffs do not allege fraud, and the pleading standard for the negligent misrepresentation claim is Rule 8(a).  *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 123 (5th Cir. 2019). Plaintiffs have plausibly alleged a negligent misrepresentation claim sufficient to survive a motion to dismiss.  The SAC claims that Defendant, as an insurer, third-party administrator or host plan, knowingly made misrepresentations and explanations of benefits, which state reasons for under-reimbursement, to Plaintiffs.  SAC ¶¶ 125–129.  The SAC alleges that these misrepresentations harmed Plaintiffs by depriving Plaintiffs of the full reimbursement they were entitled to.  *Id.* ¶¶ 128–129.  Taken as true, these allegations plausibly allege a negligent misrepresentation claim.  Accordingly, Defendant's motion to dismiss Plaintiffs' negligent

misrepresentation claim based on non-HCSC BlueCard claims is **DENIED**.

### 5.   Failure to State a Declaratory Judgment Claim

Plaintiffs seek a declaratory judgment "determining its rights to reimbursement for services rendered at the usual and customary rate and in proper accordance with . . . statutes and [Defendant's] own contractual obligations." *Id.* ¶ 138.  Defendant argues that Plaintiffs fail to state a declaratory judgment claim as to contractual obligations as to non-HCSC BlueCard claims because (1) Defendant is not alleged to be a party to those contracts; (2) Plaintiffs do not allege that Defendant's supposed obligations under Texas law are applicable to non-HCSC BlueCard claims; and (3) Plaintiffs do not allege that Defendant is the designated plan administrator or sponsor under any health plan covering members of non-HCSC BlueCard claims.  Docket No. 118 at 17.

Plaintiffs respond that Defendant merely repeats its argument from its previous motion to dismiss, "which seeks *inter alia*, a declaration as to [Defendant]'s obligations under Texas state and federal law."  Docket No. 125 at 11.  However, Plaintiffs argue, this Court has already recognized that Plaintiffs' ERISA and negligent misrepresentation claims were both "standalone causes of action . . . through which the Court may provide declaratory relief." *Id.* (citing June 29, 2021 Order, Docket No. 107).  Defendant replies that its arguments were not previously argued and Plaintiffs have failed to address its declaratory judgment arguments as to non-HCSC BlueCard claims.  Docket No. 129 at 6.

Plaintiffs fail to state a claim for declaratory judgment as to non-HCSC BlueCard claims. On one hand, Plaintiffs plausibly allege Defendant is the designated plan administrator or sponsor of a health plan covering members of non-HCSC BlueCard claims.  *See* SAC ¶¶ 2, 106; *see also id.* at 11 n.3 ("[Defendant] . . . administers claims on behalf of sister Blue-Cross entities

located in other states."). However, the SAC's declaratory judgment count specifically requests a declaratory judgment for Defendant's "own contractual obligations." Although the SAC alleges that Plaintiffs step into the shoes of the insured, the SAC fails to allege that Defendant is a party to the contracts between non-HCSC entities and Plaintiffs. Plaintiffs do not address the assertion that certain Texas statutes do not apply to insurance claims where the policy was sold outside of Texas. *See* Docket No. 129 at 6; *see also id.* at 6 n.6. Moreover, Plaintiffs represented that their breach of contract claims do not encompass non-HCSC entities. *See* supra § II.B.2; *see also* Docket No. 125 at 13 (Plaintiffs clarifying that their common law breach of contract theory for non-HCSC BlueCard claims "challeng[es] only BCBSTX's actions on its own contracts with its insureds."). Because the Court cannot reasonably infer that Defendant is liable for the misconduct alleged, the motion to dismiss for failure to state a declaratory judgment claim regarding non-HCSC BlueCard claims is **GRANTED**. Federal Rule of Civil Procedure 15(a) provides that courts should freely give leave to amend when justice so requires. FED. R. CIV. P. 15(a). While the decision to grant leave to amend is within the Court's discretion, its discretion is not broad enough to permit denial where it lacks a substantial reason for doing so. *State of La. v. Litton Mortg. Co.*, 50 F.3d 1298, 1302–03 (5th Cir. 1995). Plaintiffs' declaratory judgment claim is therefore **DISMISSED WITHOUT PREJUDICE**.

## C. Failure to Join Necessary Parties

Defendant argues that Plaintiffs have failed to join necessary parties as to Plaintiffs' non-HCSC BlueCard claims—*i.e.*, out-of-state Blue Cross and Blue Shield entities—as required by Federal Rule of Civil Procedure 19(a). Docket No. 118 at 18. Defendant purports that the contractual rights of the out-of-state Blue Cross and Blue Shield entities would have to be determined during this litigation and thus their presence is required. *Id.* (citing *LST Fin., Inc. v.*

*Four Oaks Fincorp, Inc.*, No. SA-14-CV-435-XR, 2014 WL 3672982, at *2–4 (W.D. Tex. July 24, 2014); *Altava Health Mktg., Ltd. v. Shortgrass, Inc.*, No. H-04-873, 2005 WL 2277598, at *13 (S.D. Tex. Sept. 15, 2005)).  Defendant specifically points to *Fisher v. Blue Cross & Blue Shield of Tex.*, which held that "already found that out-of-state Blue Cross and Blue Shield entities (*i.e.*, the 'home plan') for purposes of BlueCard claims are necessary parties for claims alleging improper reimbursement."  *Id.* at 18–19 (citing 879 F. Supp. 2d 581, 594 (N.D. Tex. 2012)).  As to the ERISA count, Defendant argues that Plaintiffs' remedy for the ERISA claim is not monetary damages; instead Plaintiffs want the ERISA claim remanded to the administrator to properly construe the plan.  *Id.*

Plaintiffs respond that courts are reluctant to grant Rule 12(b)(7) motions to dismiss. Docket No. 125 at 14 (citing *Cooper v. Kliebert*, No. 14-507-SDD-EWD, 2016 U.S. Dist. LEXIS 92917, at *22 (M.D. La. July 18, 2016)).  Plaintiffs argue that Federal Rule of Civil Procedure 19 is not so rigid as to always require a contracting party to be a necessary and indispensable party. Docket No. 125 at 11–12 (citing *Schoen v. Underwood*, No. W-11-CA-00016, 2011 WL 13234973, at *3 (W.D. Tex. Aug. 30, 2011)).  Plaintiffs further argue that if Defendant believes the home plans are liable, Defendant can file third-party claims against or seek indemnification or contribution from the home plans.  *Id.* at 12.  Moreover, Plaintiffs argue that Defendant's joinder arguments are inapplicable here where Plaintiffs are not pursing a contract claim against Defendant for non-HCSC BlueCard claims.  *Id.*  Finally, Plaintiffs argue that Defendant mischaracterizes *Fisher* because *Fisher* held that home plans were not necessary and indispensable to Defendant's counterclaims and that home plans may be indispensable to the plaintiffs' affirmative claims, with *Fisher* ultimately going to a jury trial and final judgment without joinder of additional parties.  *Id.* at 13–14 (citing Amended Final Judgment, *Fisher v.*

*Blue Cross Blue Shield of Texas, Inc.*, Civil Action No. 3:10-CV-2652, Docket No. 426 (N.D. Tex. Feb. 9, 2017)).

The initial burden of demonstrating that a missing party is necessary is on the party advocating joinder. *Fisher v. Blue Cross & Blue Shield of Texas*, 879 F. Supp. 2d 581, 594 (N.D. Tex. 2012) (citing *Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009)). But if an assessment of the facts "indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Hood*, 570 F.3d at 628.

Defendant, as the party advocating for joinder, "has the initial burden of demonstrating that a missing party is necessary." *Hood*, 570 F.3d at 628. Defendant has not shown that non-HCSC home plans are necessary to resolve Plaintiffs' ERISA and negligent misrepresentation claims. These claims arise from Defendant's alleged conduct as a host plan. These allegations accordingly do not impact the non-HCSC BlueCard plans. Therefore, Defendant's motion to dismiss Plaintiffs' ERISA and negligent misrepresentation claims for failure to join necessary parties is **DENIED**.

Regarding Plaintiffs' declaratory judgment claim, the Court dismissed Plaintiffs' declaratory judgment claims as to non-HCSC BlueCard claims. *See supra* § I.B.5. Accordingly, Defendant's motion to dismiss regarding non-HCSC BlueCard claims is **DENIED-AS-MOOT**.

## II.    State Government Funded Health Plans

Finally, Defendant argues that the Court lacks jurisdiction over the state government funded health plans because (1) the exclusive jurisdiction lies with the state (or local) benefit plan sponsor and (2) Plaintiffs' claims are barred by sovereign immunity. Docket No. 118 at 19–20. Defendant specifically addresses the two largest state benefit sponsors, Employees

Retirement System of Texas ("ERS") and the Teachers Retirement System of Texas ("TRS") to further its arguments. *Id.* at 20–24.

Plaintiffs concede that Counts I (ERISA violations), II (breach of contract) and III (bad faith insurance practices) of the SAC do not encompass the state government funded health plan claims.  Docket No. 125 at 3.  Accordingly, Defendant's motion to dismiss state government funded health plans as to Counts I, II and III regarding state government funded plans is **DENIED-AS-MOOT**.  Counts IV (negligent misrepresentation) and V (declaratory judgment) remain at issue.

### A.  Exclusive Jurisdiction

Regarding claims under ERS plans, Defendant contends that the ERS Executive Director has "exclusive authority to determine all questions relating to . . . payment of a claim arising from group coverages or benefits provided under this Chapter." *Id.* at 21 (quoting TEX. INS. CODE § 1551.235).  Defendant also points to § 1551.014 to show the exclusive nature of ERS administrative process: "The remedies provided under this Act are the exclusive remedies available to an employee, participant, annuitant, or dependent." *Id.* (quoting TEX. INS. CODE § 1551.014).

As for the TRS claims, Defendant similarly argues that the exclusive jurisdiction lies with the TRS because TRS plans are exclusively governed by a public entity trustee and have a mandatory and exclusive administrative process. *Id.* at 23–25 (citing 34 TEX. ADMIN. CODE §§ 41.50(a)(2), (b)(14)–(15)).

Plaintiffs respond that the ERS and TRS Acts do not create an exclusive remedy as to Counts IV and V of the SAC because the Acts do not cover extra-contractual claims.  Docket No. 125 at 20 (citing *Montgomery v. Blue Cross & Blue Shield*, 923 S.W.2d 147, 151–52 (Tex.

App.—Austin 1996); *Blue Cross Blue Shield of Tex. v. Duenez*, 201 S.W.3d 674, 676 (Tex. 2006)). Plaintiffs contend that the TRS Act specifically does not declare that it is the "exclusive remedy" for aggrieved parties. *Id.* at 19.

Defendant replies that the exclusive authority of the ERS and TRS Acts are not limited to only contract claims because as analyzed in *Duenez*, the claims at issue "were for declaratory judgment and injunction." Docket No. 129 at 8–9 (citing *Duenez*, 201 S.W.3d at 676).

The Court first addresses exclusive jurisdiction regarding the ERS claims. Plaintiffs' argument that its claims are "extra-contractual" is unavailing. Section 1551.352 of the ERS Act states that "[t]he executive director has **exclusive authority** to determine **all questions** relating . . . **payment** of a claim arising from group coverages or benefits provided under this chapter . . . ." TEX. INS. CODE § 1551.352 (emphases added). The statutory language makes clear that ERS's "administrative appeals process is the 'exclusive' means of resolving a claim for payment of ERS-derived benefits." *Blue Cross Blue Shield of Texas v. Duenez*, 201 S.W.3d 674, 676 (Tex. 2006). Plaintiffs' dispute centers around the alleged underpayment of benefits by Defendant. Accordingly, ERS has exclusive jurisdiction over Plaintiffs' disputes as they relate to payment of claims. *See McAllen Anesthesia Consultants, P.A. v. United Healthcare Servs., Inc.*, No. 7:14-CV-913, 2015 WL 9257154, at *9 (S.D. Tex. Dec. 14, 2015). Because the Court lacks subject matter jurisdiction as to the ERS claims, Defendant's motion to dismiss Plaintiffs' claims regarding ERS plans is **GRANTED**. Because the Court finds that Plaintiffs could plead no facts that would enable the Court to have subject matter jurisdiction, Plaintiffs' claims regarding ERS plans is **DISMISSED WITH PREJUDICE**.

Regarding claims under TRS plans, the TRS Act provides an administrative procedure for "appeals that relate to claims or other benefits." *See* 34 TEX. ADMIN. CODE § 41.50(a).

Defendant cites no authority to support the proposition that, because the TRS Act has an administrative process but no provision for an appeal to a district court, the TRS Act has exclusive jurisdiction for Plaintiffs' TRS claims.   The Court is to "look [at] whether the Legislature has enacted express statutory language indicating that the agency has exclusive jurisdiction or, if not, whether a 'pervasive regulatory scheme' nonetheless reflects legislative intent that an agency ha[s] the sole power to make the initial determination in the dispute." *Vista Med. Ctr. Hosp. v. Texas Mut. Ins. Co.*, 416 S.W.3d 11, 30 (Tex. App. 2013) (quoting *Thomas v. Long*, 207 S.W.3d 334, 339–40 (Tex. 2006)).   Unlike the ERS Act, the TRS Act contains no express statutory language indicating the Legislature's intent to create exclusive jurisdiction. Nor does the TRS Act's scheme reflect the intent for the TRS to be the sole authority to handle disputes.   Accordingly, Defendant's motion to dismiss TRS claims is **DENIED**.

### B.  Sovereign Immunity

Defendant next argues the Court lacks jurisdiction because the TRS claims are barred by sovereign immunity because the TRS plans are exclusively funded by state-created trust funds and TRS is a state agency which has not consented to suit.[5]  Docket No. 118 at 24.

Plaintiffs respond that sovereign immunity is not granted to Defendant merely because Defendant is administering a state-funded and state-run program.   Docket No. 125 at 16. Plaintiffs point to Defendant being a private party.   Docket No. 131 at 9.   Plaintiff contends that the Court is to determine sovereign immunity and liability based on "specific contracts between BCBSTX and the State and/or its agencies that govern BCBSSTX's administrative responsibilities."   Docket No. 125 at 16–18 (citing *Hous. Home Dialysis v. Blue Cross Blue Shield of Tex.*, Civ. Action No. H-17-2095, 2018 U.S. Dist. LEXIS 180916 (S.D. Tex. Oct. 22,

---

[5] Because the Court dismisses Plaintiffs' claims regarding ERS claims, the Court does not reach the parties' sovereign immunity arguments concerning ERS claims.

2018)).  Plaintiff contends that because Defendant's agreements with ERS, TRS or other state funded plans are not publicly available or provided to Defendant's motions, Defendant fails to meet its burden to show it is entitled to sovereign immunity.  *Id.* at 15, 19 (citing *Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 543 (4th Cir. 2014)).

Defendant replies that Plaintiffs' reliance on *Houston Home Dialysis* is misplaced because those claims were not TRS or ERS claims.  Docket No. 129 at 10 n.13.  Defendant also argues that Plaintiffs, as the party asserting jurisdiction, bears the burden under Rule 12(b)(1).  Docket No. 129 at 10 (citing *Shaikh v. Texas A&M Univ. Coll. Of Med.*, 739 F. App'x 215, 218 (5th Cir. 2018)).  Defendant contends that it is not required to provide its contracts with ERS and TRS, as Defendant was entitled to TRS's sovereign immunity in a recent case.[6]  *Id.* (citing *Kirby v. Health Care Serv. Corp.*, 88 F. Supp. 3d 717, 721 (W.D. Tex. 2015) ("[BCBSTX] is a state instrumentality shielded by state sovereign immunity.")).

Claims "barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."  *Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."  *Shaikh v. Texas A&M Univ. Coll. of Med.*, 739 F. App'x 215, 217 (5th Cir. 2018).  In deciding the immunity question, "the court explores the relationship between the state and [a private company] and asks whether a money judgment against [the private company] would be enforceable against the state."  *Kirby v. Health Care Serv. Corp.*, 88 F. Supp. 3d 717, 721 (W.D. Tex. 2015) (citing *Sw. Bell Tel. Co. v. City of El Paso*, 243 F.3d 936, 938 (5th Cir. 2001)).

In *Kirby* and *Foster*, the courts examined the relationship between the private party and

---

[6] In their sur-reply, Plaintiffs request in the alternative that the Court reserve ruling on Defendant's Rule 12(b)(1) motion and "permit Plaintiffs to conduct jurisdictional discovery related to BCBSTX's contractual arrangements with ERS, TRS, and any other State entities . . . ."  Docket No. 131 at 9 n.5 (citing *In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012)).

the government health plan sponsor in light of the contract that governed their relationship.  *See Kirby*, 88 F. Supp. 3d at 721–23 (W.D. Tex. 2015) (dismissing TRS claims against BCBSTX); *Foster v. Tchr. Ret. Sys.*, 273 S.W.3d 883, 890 (Tex. App. 2008) (dismissing TRS claims against Aetna).  This Court is without this luxury.

Plaintiffs contend that Defendant will not produce the contracts between Defendant and the government health plan sponsor (*e.g.*, TRS) and that these contracts are not publicly available.  Defendant, on the other hand, contends it is not required to produce the contracts and that Plaintiffs apparently have access to some documents as shown in discovery.  Without the contracts, the Court is unable to analyze the agency relationship between Defendant and TRS or the impact of an indemnity clause like the courts in *Kirby* and *Foster*.

*Houston Home Dialysis v. Blue Cross & Blue Shield of Tex.*, No. H-17-2095, 2018 U.S. Dist. LEXIS 180916 (S.D. Tex. Oct. 22, 2018) is insightful.  In *Houston Home Dialysis*, the plaintiff-provider sued Blue Cross entities, alleging that the defendant underpaid reimbursement claims.  *Hous. Home Dialysis v. Blue Cross & Blue Shield of Tex.*, No. H-17-2095, 2018 U.S. Dist. LEXIS 180916, at \*1 (S.D. Tex. Oct. 22, 2018).  The defendant moved to dismiss on the ground that state sovereign immunity bars claims arising out of the patient plans because the University of Texas would be liable for payment.  *Id.* at \*7.  The court could not determine whether the defendant was entitled to sovereign immunity because the record was "***unclear*** whether Patients . . . were insured" under the University of Texas health plans.  *Id.* at \*25 (emphasis added).  Recognizing that "University's liability for judgments against [the defendant] might differ depending on the contract arrangements for one plan or another[,]" the court denied the motion without prejudice to allow the parties to supplement the record or to raise the issue at summary judgment.  *Id.*

Although *Houston Home Dialysis* did not concern TRS claims, it offers a helpful solution to allow the Court to answer the immunity question.  Like *Houston Home Dialysis*, the record is unclear.  The Court declines to dismiss these claims without a sufficient record.  The parties may supplement the record or raise the issue at summary judgment.  Accordingly, Defendant's motion to dismiss TRS claims under sovereign immunity is **DENIED-WITHOUT-PREJUDICE**.

### C.  Failure to State a Claim

Alternatively, if the Court does have jurisdiction over the claims, Defendant argues that the SAC fails to state a negligent misrepresentation claim relating to state government funded plans.[7]  Docket No. 118 at 20 n.15 (citing *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 606 (N.D. Tex. 2014)).

Plaintiffs respond that Defendant rehashes its argument against Plaintiffs' misrepresentation claim, which this Court already rejected in a previous motion to dismiss.  *Id.* at 16 n.4 (citing October 2, 2020 Order, Docket No. 38 at 5, 7–9).  Plaintiffs contend that they are not required to identify specific plans or provisions to establish standing or to satisfy Rule 12(b)(6).  *Id.*

Defendant replies that its Rule 12(b)(6) arguments raise new arguments because Plaintiffs' previous complaints did not pertain to claims governed by state government health plans.  Docket No. 129 at 8 n.11.

Plaintiffs have plausibly alleged a sufficient negligent misrepresentation claim against Defendant.  Plaintiffs claim that Defendant, "either as an insurer, third-party administrator or

---

[7] Defendant argues that SAC fails to state a claim relating to Count I, II, III and IV relating to state government funded plans.  Docket No. 118 at 20 n.15.  As discussed above, Plaintiffs concede that Counts I, II and III do not encompass claims related state government funded plans.  Defendant did not move to dismiss Count V for failure to state a claim.  Therefore, Count IV remains at issue.

'Host Plan' " made representations to Plaintiffs as an assignee of the insureds' claims.  SAC ¶ 125.  This allegation plausibly encompasses state government funded health plans.  Moreover, Defendant again seeks to hold Plaintiffs to a pleading standard that is contrary to what Rule 12(b)(6) articulates.  Plaintiffs have plead representative plan provisions (SAC ¶¶ 53–55), tying allegations of misrepresentation to the insureds (*id.* ¶¶ 125–129).  As this Court previously ruled, the Plaintiffs have sufficiently stated a claim for negligent misrepresentation.  *See* October 2, 2020 Order, Docket No. 38 at 13–14.  Defendant's motion to dismiss for failure to state a negligent claim as to state government funded health plan claims is therefore **DENIED**.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint (Docket No. 118) is **GRANTED-IN-PART** and **DENIED-IN-PART**.  Plaintiffs' claim for declaratory judgment as to non-HCSC BlueCard claims is **DISMISSED WITHOUT PREJUDICE**.  Plaintiffs' claims regarding ERS plans are **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that Plaintiffs may submit their complaint **within 14 days** of the issuance of this order.  Defendant's motion is **DENIED** on all other grounds.

**So ORDERED and SIGNED this 17th day of March, 2022.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE